**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

———————————————————————

**UNITED STATES OF AMERICA,**

               **Plaintiff,**

               **v.**                          **05-CR-231A(Sr)**

**ANN CAIN,**

               **Defendant.**

———————————————————————

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Ann Cain ("the defendant"), is charged in a multi-count Superseding Indictment along with co-defendants David Cain, Sr. and Cheryl Wagner[1] with having violated Title 18 U.S.C. § 1512(b)(1) and (b)(2)(D) (Count I), and Title 18 U.S.C. § 1512(b)(3) (Count III).  (Docket #24).

The defendant has filed a motion wherein she seeks a bill of particulars setting forth the "dates and places of the alleged attempts to persuade or persuasion

_____

[1] Cheryl Wagner entered a plea of guilty to Count IV of this Superseding Indictment on December 16, 2005 (Docket #38) and was sentenced on May 24, 2006.

and the nature and substance of the communications" attributed to her in Counts I and III of the Superseding Indictment.  (Docket #30).  The defendant has also moved for a severance pursuant to Rule 14(b) of the Fed. R. Crim. P.  (Docket #30).

The government has filed its opposition to the relief being sought by the defendant.  (Docket #39).

## DISCUSSION AND ANALYSIS

### A.    Defendant's Request For A Bill Of Particulars:

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which she has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in Counts I and III of the Superseding Indictment clearly inform the defendant of the essential facts of the crime charged.  As a result, the defendant is not entitled to, nor is she in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),

> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition
> of evidentiary detail is not the function of the bill of
> particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th
> Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d
> 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

Therefore, the defendant's motion is DENIED.

### B.    Defendant's Motion For A Severance:

The defendant asserts that her husband, David Cain, Sr., who is the co-defendant in this case, "is charged in the same [Superseding] Indictment under Count II," with having violated 18 U.S.C. § 1512(b)(1) and (b)(2)(D) "allegedly involving a separate act of tampering" and that she would therefore "be prejudiced by evidence, for example, of acts of tampering by her husband, David Cain, Sr."  (Docket #30, ¶¶ 4, 9).

> [W]hen defendants properly have been joined under Rule
> 8(b), a district court should grant a severance under Rule 14
> only if there is a serious risk that a joint trial would
> compromise a specific trial right of one of the defendants, or
> prevent the jury from making a reliable judgment about guilt
> or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

When the charges against the defendants involve a common plan or scheme, the defendants who have been indicted together will normally be tried together.  *United States v. Matos-Peralta*, 691 F. Supp. 780, 789 (S.D.N.Y. 1988), *aff'd*

*sub nom.  United States v. Benitez*, 920 F.2d 1080 (2d Cir. 1990).  "The disposition of a

motion for severance under Rule 14 is entrusted to the sound discretion of the trial

court.  *See United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987)."  *United

States v. Matos-Peralta* at 788; *Opper v. United States*, 348 U.S. 84 (1954).

The defendant maintains a "heavy burden" in establishing a right to a

severance.  *United States v. Sotomayor*, 592 F.2d 1219, 1227 (2d Cir.), *cert. denied*,

442 U.S. 919 (1979).  She must establish that she will be so severely prejudiced by a

joint trial that she will in effect be denied a fair trial.  *United States v. Persico*, 621 F.

Supp. 842 (S.D.N.Y. 1985).

> The ultimate question is whether, under all the
> circumstances of the particular case, as a practical matter, it
> is within the capacity of the jurors to follow the court's
> admonitory instructions and accordingly to collate and
> appraise the independent evidence against each defendant
> solely upon that defendant's own acts, statements and
> conduct.  In sum, can the jury keep separate the evidence
> that is relevant to each defendant and render a fair and
> impartial verdict as to him?  If so, though the task be difficult,
> severance should not be granted.

*United States v. Kahaner*, 203 F. Supp. 78, 81-83 (S.D.N.Y. 1962); *aff'd*, 317 F.2d 459

(2d Cir.), *cert. denied*, 375 U.S. 836 (1963).

The charges against this defendant and her co-defendant in the

Superseding Indictment are such that with appropriate instructions from the trial judge,

a jury will be able to collate and appraise the independent evidence against the

defendant solely on her acts, statements and conduct and thereby render a fair and

impartial verdict as to her.  Therefore, defendant's request for a severance is DENIED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the

Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order

in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments,

case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure**

**to file objections within the specified time or to request an extension of such time**

**waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140

(1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules

for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and

the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


/s/ H. Kenneth Schroeder, Jr.

_____
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**


**DATED:**     **Buffalo, New York**
                    **July 6, 2006**